**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHRISTOPHER EVAN EASTER**                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 1:20-CV-254-GHD-DAS**

**ITAWAMBA COUNTY, MISSISSIPPI;
SHERIFF CHRIS DICKINSON, Individually
and in his Official Capacity as Sheriff of
Itawamba County, Mississippi; ITAWAMBA
COUNTY SHERIFF'S DEPARTMENT; and,
JOHN DOES 1-10, Individually and in Their
Official Capacities as Officers of Itawamba
County, Mississippi**                                          **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

 **COME NOW** Defendants Itawamba County, Mississippi, and Sheriff Chris Dickinson,

Individually and in his Official Capacity as Sheriff of Itawamba County, Mississippi, by and through

counsel, and in response to Plaintiff's Complaint would show as follows:

<u>**First Affirmative Defense**</u>

*(Motion to Dismiss - §1983 Claim)*

 The Complaint fails to state a cause of action as to these Defendants for which relief may

be granted, including, but not limited to, the defense of qualified immunity as to the individual

Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these

Defendants upon which relief may be granted under *Monell v. Dept. of Social Services*, 436 U.S. 653

(1977). Plaintiff's Complaint should accordingly be dismissed.

1

## Second Affirmative Defense

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9(1)(a),(b),(c),(d),(e),(f),(h),(m) & (n) (Supp. 1997), which preclude any tort claim by an inmate under state law against a governmental entity or any employee thereof acting within the course and scope of their employment. Precedent from this Court warrants application of the inmate exemption to an inmate claim filed in federal court. *Phillips v. Monroe County,* 143 F. Supp. 2d 663 (N.D. Miss., 2001). Moreover, the Complaint and the relief sought therein are barred under the notice provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-11 (Supp. 2000). Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. Proc.* 12(b)(6). Alternatively, Defendants state that there are no facts which remain at issue as to either Plaintiff's status as an inmate or the date of occurrence of the alleged incident, and moves for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.* 12(c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## Third Affirmative Defense

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

2

**Fourth Affirmative Defense**

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Sheriff of Itawamba County that was the moving force behind the alleged injuries sustained by the Plaintiff.

**Fifth Affirmative Defense**

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

**Sixth Affirmative Defense**

To the extent that any personnel acting within the course and scope of their employment with Itawamba County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

**Seventh Affirmative Defense**

Without waiving any of the defenses asserted herein, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann*. §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than these Defendants or as a result of his own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

**Eighth Affirmative Defense**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or

3

efficient superseding cause.

### Ninth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendants' officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### Tenth Affirmative Defense

At no time did any governmental actor acting on behalf of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

### Eleventh Affirmative Defense

 The injuries/damages allegedly sustained by the Plaintiff were not foreseeable to these Defendants, and, therefore, Plaintiff's claim as to these Defendants should be dismissed.

### Twelfth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants, by reason of the fact that the care and treatment of the Plaintiff, who was an inmate at the Itawamba County Jail, far exceeded the standard of decency and humane treatment required by the United States Constitution.  Moreover, the jail conditions for inmates at the Itawamba County Jail adequately provided the Plaintiff with the minimal civilized measure of life's necessities under the contemporary standard of decency, and those conditions were reasonably related to legitimate

4

correctional and other governmental objectives. Furthermore, the physical design, staffing, training, supervisory techniques, jail management, adequate dietary guidelines, prisoner population, sight lines, communication system and other constitutionally adequate conditions of the Itawamba County Jail indicate the ongoing, constitutionally adequate policy, custom and practice of Defendants to establish and promote constitutional goals in Defendants' correctional facilities and to respond to and take reasonable, necessary and proper actions consistent with clearly established constitutional law. In light of such totality of circumstances, Plaintiff has neither alleged nor can he prove deliberate indifference on the part of Defendants or any governmental actor on behalf of Defendants with respect to any serious medical needs.

### Thirteenth Affirmative Defense

Defendants invoke the provisions of the <u>Prison Litigation Reform Act</u>, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e) (Supp. 1997).

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### Fifteenth Affirmative Defense

The criminal conduct of Plaintiff constituted the sole proximate cause of any injuries he allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

### Sixteenth Affirmative Defense

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by these Defendants. *Mendoza v. Lynaugh,* 989 F.2d 191(5th Cir. 1993), *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed. 2d 811 (1990).

### Seventeenth Affirmative Defense

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. *Williams v. Lee County Sheriff's Dep't.*, 744 So.2d 286, 298 (Miss.1999). Here, there is no identified policy or custom and no issue that the injury allegedly sustained by the Plaintiff was caused by any such policy or custom. *Phillips v. Monroe County,* 143 F. Supp.2d 663 (N.D. Miss., 2001); *Phillips v. Monroe County,* 311 F.3d 369 (5th Cir. 2002); Rehearing Denied December 9, 2002, Reported at: 2002 U.S. App. LEXIS 26436(5th Cir. Miss., Dec. 9, 2002); US Supreme Court certiorari denied by *Phillips v. Monroe County,* 2003 U.S. LEXIS 4438 (U.S., June 9, 2003).

### Eighteenth Affirmative Defense

To the extent Plaintiff seeks individual liability against the Defendants under state law, the provisions of *Miss. Code Ann.* §§11-46-5 and §11-46-7 (1999), are hereby invoked prohibiting individual liability under the provisions of the Mississippi Tort Claims Act. To the extent Plaintiff seeks individual liability against any of the Defendants under state law outside the scope of the Mississippi Tort Claims Act, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, are barred by laches, waiver and estoppel. Accordingly, the Defendants move for a dismissal of any claims alleging individual

6

liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

<h3 align="center">Nineteenth Affirmative Defense</h3>

Punitive damages are not cognizable against Itawamba County or any of its named Defendants in their official capacities under §1983. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

<h3 align="center">Twentieth Affirmative Defense</h3>

These Defendants are not responsible for any condition of Plaintiff that pre-existed the events which made the basis of this Complaint.

<h3 align="center">Twenty-First Affirmative Defense</h3>

All terms and conditions of the incarceration of the Plaintiff were rationally related to legitimate penological objectives and not vague or over broad as applied to the inmates of the Itawamba County Jail. *Turner v. Safley*, 482 U. S. 78, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987); *Shaw v. Murphy*, 532 U. S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001).

<h3 align="center">Twenty-Second Affirmative Defense</h3>

Relief under 42 U.S.C. §1983 in the form of either official capacity liability or supervisory liability is not available to those seeking to address private disputes with individuals not employed by Itawamba County, Mississippi. Thus, Defendants are not legally responsible for any acts of private persons not employed by Itawamba County, and any damage to which the Plaintiff would be entitled, if any, resulting from the acts of any said person or entity is not a recovery which can be legally assessed to Itawamba County, and, therefore, any such claim of the Plaintiff should be

dismissed.

### Twenty-Third Affirmative Defense

Plaintiff's allegations of negligence are not cognizable under either the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann*. §11-46-1 (1993) *et seq*., as amended, or 42 U.S.C. § 1983. Moreover, there is nothing alleged by Plaintiff which implicates the Fourth Amendment of the United States Constitution. The frivolous nature of these allegations are so clearly established that Defendants are entitled to reimbursement of fees and costs under the Prison Litigation Reform Act, *Fed. R. Civ. Proc.* 11, the Litigation Accountability Act of 1988 and 42 U. S. C. §1988.

### Twenty-Fourth Affirmative Defense

The injuries/damages allegedly sustained by the Plaintiff are the direct proximate result of his own conduct for which he is responsible to the exclusion of these Defendants, and, therefore, the Complaint should be dismissed.

### Twenty-Fifth Affirmative Defense

Plaintiff's allegations regarding medical care are insufficient to sustain a cause of action under 42 U.S.C. §1983. Following the Plaintiff's injury, medical attention was immediately provided. *Mendoza v. Lynaugh,* 989 F.2d 191, 194 (5th Cir. 1993)(there exists no constitutional cause of action for negligent medical care). *Stewart v. Murphy,* 174 F. 3d 530, 534-535 (5th Cir. 1999)(Active treatment of a medical condition is not deliberate indifference). *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied,* 534 U.S. 1136, 151 L. Ed. 2d 983, 122 S. Ct. 1083 (2002)(Disagreement with medical treatment is not deliberate indifference.).

### Twenty-Sixth Affirmative Defense

Defendants deny that they are guilty of any actionable conduct. Answering Defendants may

not be sued separate and apart from Itawamba County as official capacity defendants and respectfully seek dismissal of all duplicate official capacity claims.

### Twenty-Seventh Affirmative Defense

And now, without waiving any defense heretofore or hereinafter set forth, answering Defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

I.     Defendants are without knowledge of where Plaintiff resides and therefore, denies the same.

II.    The allegations of paragraph 2 are admitted.

III.   The allegations of paragraph 3 are admitted.

IV.    The allegation of paragraph 4 are denied as the Itawamba County Sheriff's Department is not a proper legal entity to sue.

V.     The allegations of paragraph 5 are denied.

VI.    The allegations of paragraph 6 are denied.

VII.   The allegations of paragraph 7 are denied.

VIII.  The allegations of paragraph 8 are denied.

IX.    The allegations of paragraph 9 are denied.

X.     The allegations of paragraph 10 are denied.

XI.    The allegations of paragraph 11 are denied.

Answering Defendants deny that Plaintiff is entitled to any relief.

And now having answered the Complaint, Defendants would respectfully request a dismissal of the claims asserted against them with costs to be assessed to the Plaintiff.

**RESPECTFULLY SUBMITTED,** this the 12th day of April, 2021.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By:    /s/ ***Mary McKay Griffith***
Mary McKay Griffith, MS Bar No. 100785
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendants Itawamba County,
Mississippi, and Sheriff Chris Dickinson,
Individually and in his Official Capacity as
Sheriff of Itawamba County, Mississippi

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: mgriffith@jlpalaw.com
www.jlpalaw.com

Bo Russell, Esq.
Board Attorney
206 S. Broadway St.
P.O. Box 28
Tupelo, MS 38802
Phone: (662) 401-2020
Email: borussellpllc@hotmail.com

## CERTIFICATE OF SERVICE

     I, Mary McKay Griffith, attorney of record for Defendants, Itawamba County, Mississippi, and Sheriff Chris Dickinson, Individually and in his Official Capacity as Sheriff of Itawamba County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

                    Walter Brent McBride, Esq.
                    Moffett Law Firm, PLLC
                    Email: brent@mlawoffice.net
                    **Attorney for Plaintiff**

                    Diana Leigh Worthy-Nash, Esq.
                    Worthy-Nash Law Office, LLC
                    Email: worthynashlawoffice@gmail.com
                    **Attorney for Plaintiff**

**DATED** this 12th day of April, 2021.

                      /s/ ***Mary McKay Griffith***
                      Mary McKay Griffith