IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER EVAN EASTER**                           **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO.: 1:20-CV-254-GHD-DAS**

**ITAWAMBA COUNTY, MISSISSIPPI;
SHERIFF CHRIS DICKINSON, Individually
and in his Official Capacity as Sheriff of
Itawamba County, Mississippi; ITAWAMBA
COUNTY SHERIFF'S DEPARTMENT; and,
JOHN DOES 1-10, Individually and in Their
Official Capacities as Officers of Itawamba
County, Mississippi**                               **DEFENDANTS**

## AUTHORITIES SUPPORTING JUDGMENT ON THE PLEADINGS FOR CERTAIN FEDERAL CLAIMS AND DEFENDANTS

**NOW COME DEFENDANTS,** by counsel, having moved pursuant to Fed. R. Civ. Proc. 12(c) for Judgment on the Pleadings seeking dismissal of certain parties and theories, the following supporting authorities are respectfully submitted for consideration of the Court and Counsel.

**1. BASIS FOR RELIEF**

    A.  A sheriff's department is not a cognizable entity under state or federal law.

    B.  Ample legal authority exists for cleaning up the pleadings by dismissing duplicate official defendants.

    C.  Plaintiff Easter merely sues Sheriff Dickinson individually without alleging any direct participation in a violation of rights protected under the United States Constitution.

    D.  Plaintiff Easter alleges he is a pretrial detainee, making claims premised upon the 8th Amendment inapplicable.

    E. Plaintiff Easter alleges he is a pretrial detainee making claims premised under state law

clearly futile under the MTCA.

2. **THE COMPLAINT**

Pursuant to Fed. R. Civ. Proc. 8(a), Easter's Complaint alleges:

¶4   Itawamba County Sheriff's Department is a local governmental entity which carried out the official law enforcement acts of Lee County, Mississippi, by and through its Sheriff.

¶6   Cites the Fourth, Eighth and Fourteenth Amendments and un-named pendant state claims for an alleged beating by John Doe Itawamba County Jail Staff, deliberate indifference to medical needs, failure to train, assault and conspiracy.

¶7   Claims "on our about (?????????)" Easter was chained to a chair and beaten by three John Doe Jailors.

¶8   Claims Easter was taken to the hospital after the beating and then isolated until he could be transported to jail in Tishomingo County.

¶9   Claims "the deputies actions are the result of a failure of the Itawamba County Sheriff to train his deputies."

To-date, Sheriff Dickinson is the only individual defendant. No participation is alleged. It is quite rare to see a sheriff in direct supervision over a jail and no direct supervision is alleged here. No prior knowledgement of any deficiency in training is alleged. In short, this is a boiler plate complaint that does not list the date of the beating and even gets the name of the county wrong.

3. **AUTHORITIES**

**STANDARD:** Having answered, the proper standard is found in Fed. R. Civ. Proc. 12(c). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same

as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendants' Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

**NON-ENTITY:** You cannot sue a sheriff's department under 42 U.S.C. §1983[1] or the MTCA.[2]

**DUPLICATE OFFICIAL CAPACITY:** The appropriate remedy in this District is dismissal of duplicate official capacity defendants.[3] They serve no purpose other than to add a

---

[1] A department of a local governmental entity "must enjoy a separate legal existence" in order for it to be properly named as a defendant. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991) (citations and internal quotation marks omitted). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Id*. (quoting Fed. R. Civ. P. 17(b) and holding that the Pasadena Police Department was subject to dismissal since it did not enjoy a legal existence separate and apart from the City of Pasadena).

[2] *Brown v. Thompson*, 927 So. 2d 733, 734 (Miss. 2006)(Dismissing Bolivar County Sheriff's Department); *Jackson v. City of Gulfport,* 2017 U.S. Dist. LEXIS 22327, at *4 (S.D. Miss. Feb. 16, 2017)(Dismissing the Gulfport Police Department).

[3] *Estate of Manus v. Webster County*, 2014 U.S. Dist. LEXIS 43536, Pages 7-8 (N.D. Miss. Mar. 31, 2014).

3

commutative layer of wasted time to litigation.[4]

**SHERIFF DICKINSON:** The Sheriff has obviously been sued because he is the Sheriff, not as the result of participation in a constitutional tort. **None is alleged.** Simply put, there is not even a scintilla of an individual capacity claim against him. There is no issue in this case as to the existence of "direct acts or omissions" on the part of Sheriff Dickinson and none have been pled. *Coleman v. Houston Independent School Dist.,* 113 F.3d 528, 534 (5th Cir. 1997). Sheriff Dickinson is not alleged to be in direct supervision of the jail or the John Doe Jailors. He is the Sheriff. The jail and jail employees are in his department. That is just not sufficient to state a plausible individual capacity claim.

The mere fact that Sheriff Dickinson is the Sheriff of Itawamba County is inconsequential to the issue of individual liability, since there is no vicarious liability under §1983. *Lozano v. Smith,* 718 F.2d 756, 767 (5th Cir. 1983); see also: *Scott v. Moore,* 85 F.3d 230, 233 (5th Cir. 1996). A plausible complaint must show that the conduct of a supervisory official denied his constitutional rights. *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

With neither participation nor direct supervision alleged, there would need to be plausible issue of a failure to train amounting to "deliberate indifference" and "subjective knowledge of a serious risk of harm" to Easter. *Atteberry v. Nocona General Hosp.,* 430 F.3d 245, 255 (5th Cir. 2005). **It just isn't there.**

---

[4] *Breland v. Forrest Cty. Sheriff's Dep't,* 2013 U.S. Dist. LEXIS 53503, at *12-13 (S.D. Miss. Apr. 15, 2013).

**EIGHTH AMENDMENT:** *42 U.S.C. § 1983* imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). A plaintiff cannot succeed on a § 1983 claim merely by showing any deprivation of his rights; § 1983 was intended to preserve rights protected by federal law. *Wright v. Collins*, 766 F.2d 841, 849 (5th Cir.1985).

Here, Easter cites the 4th, 8th and 14th Amendments. In recent years a 4th Amendment standard has been applied to use of force in jail by correctional officers. That remains to be seen, but those are the allegations. Similarly, a 14th Amendment analysis applies to medical care claims, if any, by a pretrial detainee. The 8th Amendment is simply inapplicable because 8th Amendment claims require a conviction. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc))[5].

**STATE LAW PREMISE:** It is equally clear from the fact of Plaintiff's Complaint that State Law Claims are subject to multiple reservations of immunity under state law. First, there is no notice of claim as required by *Miss. Code Ann*. §11-46-11. Strict compliance with the notice statute is not required, but substantial compliance is. *O'Hara v. City of Hattiesburg*, No. 2015-CP-00911-COA, 2017 WL 1090863, at *3 (Miss. Ct. App. Mar. 21, 2017). Second, intentional torts are barred as a matter of law. *Miss. Code Ann*. §11-46-7(2). Municipal actors within the course and

---

[5] Explaining "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment, see *Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976), and, with a relatively limited reach, from substantive due process. The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. See *Bell v. Wolfish*, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979)."

scope of employment are presumptively immune from individual claims under state law.[6] Third, the pleadings establish that Easter is an inmate for whom a state law claim is precluded. *Miss. Code Ann*. §11-46-9(1)(m). Moreover, Easter may not seek recovery over the cap established via *Miss. Code Ann*. §11-46-16, may not seek a jury trial, attorney fees or punitive damages pursuant to *Miss. Code Ann*. §11-46-15.

**4. SUMMATION**

Easter has attorneys. Were that not the case, the matters addressed in this straightforward motion are not likely to have remained after a Spears hearing. Certainly, allegations of an assault on an inmate and even a boiler-plate failure to train official capacity claim can be efficiently addressed with discovery. However, the modest clean-up requested is heavily supported by legal authority and reasonably calculated to reduce consumption of time and resources for all involved.

**NOW, THEREFORE,** Defendants pray as follows:

1. That the Itawamba County Sheriff's Department be dismissed;

2. That duplicate official defendant Sheriff Dickinson be dismissed;

3. That Sheriff Dickinson be dismissed in his individual capacity;

4. That Plaintiff Easter's theory of relief under the 8th Amendment be dismissed; and,

5. That Plaintiff Easter's state law claims, if any, be dismissed as well.

---

[6]"No employee shall be personally liable for acts or omissions occurring within the course and scope of the employee's duties" – See *Miss. Code Ann*. §11-46-7(2) – "For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted ***fraud, malice, libel, slander, defamation or any criminal offense***." See: *City of Jackson v. Sandifer*, 107 So. 3d 978 (Miss. 2013)(Governmental immunity is waived for employee misconduct only if an employee is acting within the course and scope of his employment.).

**FILED** this the 16th day of April, 2021.

          **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ *Daniel J. Griffith*
      Daniel J. Griffith, MS Bar No. 8366
      Attorney for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
www.jlpalaw.com

Bo Russell, Esq.
Board Attorney
206 S. Broadway St.
P.O. Box 28
Tupelo, MS 38802
Phone: (662) 401-2020
Email: borussellpllc@hotmail.com

## CERTIFICATE OF SERVICE

     I, Daniel J. Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Judgment on the Pleadings* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

        Walter Brent McBride, Esq.
        Moffett Law Firm, PLLC
        P.O. Box 1707
        Tupelo, MS 38802
        Phone: (662) 844-0836
        Email: brent@mlawoffice.net
        **Attorney for Plaintiff**

        Diana Leigh Worthy-Nash, Esq.

>Worthy-Nash Law Office, LLC
>60024 Fuqua Road
>Amory, MS 38821
>Phone: (662) 597-4117
>Email: worthynashlawoffice@gmail.com
>**Attorney for Plaintiff**

**DATED** this 16th day of April, 2021.

>_/s/ **Daniel J. Griffith**_
>Daniel J. Griffith