IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER EVAN EASTER**                                              **PLAINTIFF**

V.                                                **CIVIL ACTION NO.: 1:20-CV-254-GHD-DAS**

**ITAWAMBA COUNTY, MISSISSIPPI;**
**SHERIFF CHRIS DICKINSON, individually and**
**In his official capacity as Sheriff of Itawamba**
**County, Mississippi;**
**ITAWAMBA COUNTY SHERIFF'S DEPARTMENT;**
**AND JOHN DOES 1-10; individually and**
**In their official capacities as officers of Itawamba**
**County, Mississippi**                             **DEFENDANTS**

**<u>RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS FOR CERTAIN
FEDERAL CLAIMS AND DEFENDANTS</u>**

COMES NOW, Plaintiff, EVAN EASTER, by and through counsel, and files this his *Response to Motion for Judgment on the Pleadings for Certain Federal Claims and Defendants*, filed by the Defendants and would show unto the Court the following:

I.

Defendants have filed their Motion on the grounds that the Itawamba County Sheriff's Department is not subject to suit, and that Plaintiff has made no showing that a sheriff's department has no separate legal existence apart from the county.

II.

Plaintiff, out of an abundance of caution, and in reliance on *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 464 FN. 3 (5th Cir. 2001), named the Itawamba County Sheriff's Department as a Defendant. The Fifth Circuit wrote in Footnote 3: "In any event, there is no evidence in the record that the promotion to chief deputy was in accordance with any custom or

policy of the County. Rather, Sheriff Bryan's employment decision represented the policy of the Sheriff's Department, *a separate government entity*. Therefore, the judgment against the County cannot be imposed on the basis of respondent superior."

III.

Defendant moves for judgment on the pleadings as to Plaintiff's claims against Sheriff Chris Dickinson in his official capacity. Plaintiff will abandon his claim against Sheriff Dickinson in his official capacity only.

IV.

Defendant asked the Court to grant judgment on the pleadings as to Plaintiff's claim against Sheriff Chris Dickinson in his individual capacity; stating that Plaintiff has alleged no "direct participation" by Sheriff Dickinson in any violation of Plaintiff's rights. Plaintiff has also sued John Does 1-10, because without discovery Plaintiff has no opportunity to discover everyone who was involved in his jail beating or to what extent each person was involved. In this case, Plaintiff has alleged that Defendants moved him to the Tishomingo County Jail and restricted his ability to contact anyone in an attempt to conceal his beating. Accordingly, as to this claim, Defendant's motion should be denied and Plaintiff should be allowed to conduct discovery.

V.

Defendant seeks judgment on the pleadings of Plaintiff's claims that Defendant violated his Eighth Amendment rights on the basis that Plaintiff was considered a pretrial detainee. There has been no finding that Plaintiff was a pretrial detainee or what his status was at the time of his

beating in the Itawamba County Jail. Plaintiff should be allowed to conduct discovery on this issue.

VI.

Defendant seeks judgment on the pleadings as to Plaintiff's supplemental state law claims. Defendant argues that Plaintiff did not serve Defendants with a Notice of Claim. This is not true. See Exhibit "A". Also, Defendant urges that all of Plaintiff's state law claims are governed by the MTCA and, as such, Defendants are immune from Plaintiff's claims. The MTCA only grants immunity when a public official or employee is acting within the course and scope of his employment. However, "public officials lose their qualified immunity when they exceed the scope of their authority, commit an intentional tort, or commit a tort outside the scope of their public office." *Raju v. Rhodes,* 7 F.3d 1210, 1216 (5th Cir. 1993)(Citing *Grantham v. Mississippi Dep't of Corrections,* 522 So.2d 219, 225 (Miss. 1988)); *see also* Miss. Code Ann. §11-46-7(2).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant's *Motion for Judgment on the Pleadings for Certain Federal Claims and Defendants* be denied in all respects other than Plaintiff's claims against Sheriff Chris Dickinson in his official capacity.

Respectfully submitted,

 /s/ *Diana Worthy*
Diana Worthy
MS Bar #104665
Worthy-Nash Law Office, LLC
60070 Hatley Cemetery Circle
Amory, MS 38821
worthynashlawoffice@gmail.com
*/s/ Brent McBride*
Brent McBride, Esq.

CERTIFICATE OF SERVICE

      I, Diana Worthy and Brent McBride, attorneys for Plaintiff, do hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court, using the ECF system which sent notification to the following:

TO: Mary McKay Griffith
mgriffith@jlpalaw.com

Daniel J. Griffith
dgriffith@jlpalaw.com

      SO CERTIFIED, the 17th day of May, 2021.

                                      /s/ Diana Worthy
                                      DIANA WORTHY

                                      /s/ Brent McBride
                                      Brent McBride, Esq.