**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHRISTOPHER EVAN EASTER**                                     **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.: 1:20-CV-254-GHD-DAS**
**ITAWAMBA COUNTY, MISSISSIPPI;**
**SHERIFF CHRIS DICKINSON, individually and**
**In his official capacity as Sheriff of Itawamba**
**County, Mississippi;**
**ITAWAMBA COUNTY SHERIFF'S DEPARTMENT;**
**AND JOHN DOES 1-10; individually and**
**In their official capacities as officers of Itawamba**
**County, Mississippi**                                     **DEFENDANTS**

<u>**MEMORANDUM OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO
MOTION FOR JUDGMENT ON THE PLEADINGS FOR CERTAIN FEDERAL
CLAIMS AND DEFENDANTS**</u>

COMES NOW, Plaintiff, EVAN EASTER, by and through counsel, and files this his

*Memorandum of Authorities in Support of Plaintiff's Response to Motion for Judgment on the*

*Pleadings for Certain Federal Claims and Defendants*, filed by the Defendants and would show

unto the Court the following:

<u>**FACTS**</u>

As set forth in Plaintiff's Complaint, while incarcerated in the Itawamba County Jail he

was chained to a chair, struck, choked, had his genitals torqued to the point he vomited and made

to lose consciousness; resulting in the chair falling over and Plaintiff being injured to his head

and face.  After Plaintiff was returned to the jail from a hospital in Amory, Mississippi, he was

held in solitary confinement until his bruising healed.  After his bruises had become less

noticeable, he was transferred to the Tishomingo County Jail, which was instructed to keep him

under an investigative hold and not allow him contact with anyone outside the jail.

## STANDARD OF REVIEW

The standard for reviewing a Rule 12 (c ) motion is the same as that for a motion pursuant to Rule 12 (b)(6). *In re Great Lakes Dredge & Dock Co.*, 524 F.3d 201, 209-10 (5th Cir. 2010). A Rule 12(b)(6) motion is disfavored and is rarely granted. *Sosa v. Coleman*, F.2d 991, 993 (5th Cir. 1981). In *Cook v. Nichol, Inc. v. Plimsoll Club*, 451 F2d. 505, 506 (5th Cir. 1971), the Fifth Circuit clearly stated, "a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be provided to support his claim." Thus, the issue present by a motion to dismiss is "not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal, therefore, "is never warranted because the plaintiff is unlikely to prevail on the merits." *In re: Catfish Litigation,* 826 F.Supp. 1019, 1024 (N.D. Miss. 1993).

Even if it appears, to an almost certainty, that the facts alleged cannot be proven to support the claim, the complaint cannot be dismissed so long as it states a claim. *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Id*. at 970; *See also Mahone v. Addicks Utility District of Harris County, et al.,* 836 F.2d 921, 926 (5th Cir. 1988); *U.S. v. Uvalde Consol. Independent School Dist.*, 625 F.2d 547, 549 (5th Cir. 1980).

In ruling on a motion to dismiss, this Court must accept the facts alleged in the complaint as true and view the material allegations "as admitted" along with such reasonable inferences that might be drawn in the plaintiff's favor. *Garguil v. Tompkins*, 704 F.2d 661, 663 (2nd Cir. 1983) Dismissal is appropriate only when the court accepts as true all the well-pled allegations of fact and "it appears beyond doubt that the [plaintiff] can prove no set of facts in support of his claim

which would entitle him to relief." *Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir. 1989) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Hishon v. King & Spaulding*, 467 U.S, 69, 73 (1984); *McLean v. International Harvester Co.,* 817 F.2d 1214, 1217 n. 3 (5th Cir. 1987); *Jones v. U.S.*, 729 F.2d 326, 330 (5th Cir. 1984). "If it is possible to hypothesize a set of facts consistent with the complaint that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Veazey v. Communication and Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

Finally, even if Plaintiff's complaint is deficient, Plaintiff should be permitted to amend her complaint or it is reversible error. *Brown v. Texas A&M University*, 804 F.2d 327, 334 (5th Cir. 1986) (*citing Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)).

<u>**ARGUMENTS**</u>

**SHERIFF'S DEPARTMENT**

Defendants have filed their Motion on the grounds that the Itawamba County Sheriff's Department is not subject to suit, and that Plaintiff has made no showing that a sheriff's department has no separate legal existence apart from the county. Plaintiff, out of an abundance of caution, and in reliance on *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 464 FN. 3 (5th Cir. 2001), named the Itawamba County Sheriff's Department as a Defendant. The Fifth Circuit wrote in Footnote 3: "In any event, there is no evidence in the record that the promotion to chief deputy was in accordance with any custom or policy of the County. Rather, Sheriff Bryan's employment decision represented the policy of the Sheriff's Department, ***a separate government entity***. Therefore, the judgment against the County cannot be imposed on the basis of respondent superior."

**SHERIFF DICKINSON IN HIS OFFICIAL CAPACITY**

Plaintiff will abandon his claims against Sheriff Dickinson in his official capacity only.

## SHERIFF DICKINSON IN HIS INDIVIDUAL CAPACITY

Defendant asked the Court to grant judgment on the pleadings as to Plaintiff's claim against Sheriff Chris Dickinson in his individual capacity; stating that Plaintiff has alleged no "direct participation" by Sheriff Dickinson in any violation of Plaintiff's rights. Plaintiff has also sued John Does 1-10, because without discovery Plaintiff has no opportunity to discover everyone who was involved in his jail beating or to what extent each person was involved. In this case, Plaintiff has alleged that Defendants moved him to the Tishomingo County Jail and restricted his ability to contact anyone in an attempt to conceal his beating. As will de discussed, *infra*, regarding Plaintiff's state law claims, Sheriff Dickinson may still be held liable in his individual capacity if discovery reveals his participation in the attack and following cover up. Plaintiff should be allowed to conduct discovery on this issue.

## EIGHTH AMENDMENT

Defendant seeks judgment on the pleadings for Plaintiff's claims pursuant to the Eighth Amendment asserting that Plaintiff was a pretrial detainee. Plaintiff's status in the Itawamba County Jail has not been determined. It would be premature to dismiss this claim without allowing Plaintiff to conduct discovery on this issue.

## STATE LAW CLAIMS

Defendant seeks judgment on the pleadings as to Plaintiff's supplemental state law claims. Defendant argues that Plaintiff did not serve Defendants with a Notice of Claim. This is not true. See Exhibit "A" to *Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings for Certain Federal Claims and Defendants*. Also, Defendant urges

that all of Plaintiff's state law claims are governed by the MTCA and, as such, Defendants are immune from Plaintiff's claims. The MTCA only grants immunity when a public official or employee is acting within the course and scope of his employment. However, "public officials lose their qualified immunity when they exceed the scope of their authority, commit an intentional tort, or commit a tort outside the scope of their public office." *Raju v. Rhodes,* 7 F.3d 1210, 1216 (5th Cir. 1993)(Citing *Grantham v. Mississippi Dep't of Corrections,* 522 So.2d 219, 225 (Miss. 1988)); *see also* Miss. Code Ann. §11-46-7(2).

## CONCLUSION

For all the reasons stated herein, Plaintiff requests the Court deny Defendant's *Motion for Judgment on the Pleadings for Certain Federal Claims and Defendants* on all counts except for Plaintiff's claims against Sheriff Dickinson in his official capacity.

Respectfully submitted,

 /s/ *Diana Worthy*
Diana Worthy
MS Bar #104665
Worthy-Nash Law Office, LLC
60070 Hatley Cemetery Circle
Amory, MS 38821
worthynashlawoffice@gmail.com

/s/ *Brent McBride*
Brent McBride, Esq.

## **CERTIFICATE OF SERVICE**

       I, Diana Worthy and Brent McBride, attorneys for Plaintiff, do hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court, using the ECF system which sent notification to the following:

TO: Mary McKay Griffith
mgriffith@jlpalaw.com

Daniel J. Griffith
dgriffith@jlpalaw.com

       SO CERTIFIED, the 17th day of May, 2021.

*/s/ Diana Worthy*
DIANA WORTHY

*/s/ Brent McBride*
Brent McBride, Esq.