UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER EVAN EASTER                                    PLAINTIFF

v.                                           Civil No. 1:20-cv-00254-GHD-DAS

ITAWAMBA COUNTY, MISSISSIPPI; et al.                       DEFENDANTS

**OPINION GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Presently before the Court is the Defendant's motion for judgment on the pleadings [7]. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted.

**Background**

The Plaintiff alleges in his complaint that while he was incarcerated at the Itawamba County jail, he was unlawfully assaulted by three jailors. [Compl., Doc. No. 1, at p. 3]. He further alleges that, after he was sent to the local hospital for treatment and returned to the jail, he was held in solitary confinement and then transferred to the Tishomingo County jail. [*Id.*, at pp. 3-4]. The Plaintiff alleges that this conduct violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and he brings this action pursuant to 42 U.S.C. § 1983, asserting federal claims for, *inter alia*, failure to train, excessive force, and deliberate indifference to his medical needs, and state law claims for assault [1]. The Defendants now move for judgment on the pleadings [7], pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as to some of the Plaintiff's claims.

## Standard of Review

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support

2

the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion and Analysis

First, the Plaintiff has both named the Sheriff of Itawamba County as a Defendant in his official capacity and has named the Itawamba County Sheriff's Department as a Defendant [Doc. 1]. As the Defendants note, the proper defendant for official capacity claims in an action such as this is the subject governmental entity – in this case Itawamba County, which is likewise named as a Defendant [Doc. 1]. As both federal and state courts in Mississippi have long made clear, Sheriff's departments, as well as Sheriffs in their official capacity "are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10CV207-SA-JAD, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011); *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (affirming dismissal of Bolivar County Sheriff's Department as defendant). In other words, when both a local official and the subject governmental entity are sued in their official capacities, the claims are

3

duplicative and the official should be dismissed in his official capacity from the litigation. *Breland v. Forrest County Sheriff's Department*, No. 2:10CV303-KS-MTP, 2013 WL 1623997 (S.D. Miss. Apr. 15, 2013).

Accordingly, the Court finds that this portion of the Defendants' motion should be granted – the Plaintiff's official capacity claims against the Defendant Sheriff and against the Itawamba County Sheriff's Department are properly asserted solely against the Defendant Itawamba County, which remains a Defendant in this action; the claims against Sheriff Chris Dickinson in his official capacity, as well as the claims against the Itawamba County Sheriff's Department, are therefore dismissed.

Second, the Plaintiff asserts claims against Sheriff Dickinson in his individual capacity. In his complaint, however, the Plaintiff does not allege that Sheriff Dickinson was either personally involved in the alleged unlawful conduct or that his wrongful actions were causally connected to any misconduct. It is axiomatic that, in order to state a claim against an individual government official defendant, a Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676; see *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2028, 2005 WL 723458, at *9 (N.D. Tex. Mar. 29, 2005) (holding that, in order to state claim against an individual governmental actor, a plaintiff must "state specifically how [each governmental official] took actions that deprived [the plaintiff] of a constitutionally or statutorily protected right, and state specifically how the conduct of each caused [the plaintiff's] injuries."). Given the lack of allegations regarding Sheriff Dickinson in the complaint, the Court finds that the individual capacity claims against him must be dismissed. This portion of the Defendants' motion is therefore granted.

4

Finally, the Plaintiff asserts state law claims for assault under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, which is the exclusive civil state law remedy against governmental entities and their employees for tortious acts or omissions giving rise to a suit.

The MTCA states that an adequate notice of claim must be served on the subject defendant(s) at least ninety days before the filing of a suit. Miss. Code Ann. § 11-46-11(1). Failure to do so amounts to non-compliance with the MTCA and any claim brought in court is barred and "should be dismissed ..." *O'Hara v. City of Hattiesburg*, 227 So. 3d 314, 317 (Miss. Ct. App. 2017); *South Central Regional Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258 (Miss. 2006); *Black v. City of Tupelo*, 853 So.2d 1221, 1226 (Miss. 2003).

Here, the Plaintiff has not demonstrated that he served a Notice of Claim at all, much less that any Notice substantially complied with the MTCA's requirements. Accordingly, the Court finds that the Plaintiff has failed to substantially comply with the MTCA and his state law claims are therefore barred. *Black*, 853 So.2d at 1226. This portion of the Defendants' motion is therefore granted and the Plaintiff's state law claims dismissed.

In sum, the Plaintiff's claims against Sheriff Dickinson in both his individual and official capacities are dismissed, the Itawamba County Sheriff's Department is dismissed as a Defendant in this action, and the Plaintiff's state law claims against all Defendants are dismissed. The Plaintiff's federal claims against Defendant Itawamba County, as well as his potential assertion of claims against John Doe Defendants 1-10, remain pending and shall move forward.

5

## Conclusion

For these reasons, the Court finds that the Defendants' motion for judgment on the pleadings shall be granted as to the Plaintiff's claims against Sheriff Dickinson, in both his official and individual capacities. The Defendants' motion shall also be granted regarding the Itawamba County Sheriff's Department, which is dismissed as a Defendant in this action, and as to the Plaintiff's state law claims, which are dismissed for his noncompliance with the MTCA. The Plaintiff's federal claims against Defendant Itawamba County, as well as to potential John Doe Defendants 1-10, shall proceed.

SO ORDERED, this the 23rd day of March, 2022.

_____
SENIOR U.S. DISTRICT JUDGE