Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

CHRISTOPHER EVAN EASTER            **PLAINTIFF**

v.      **CIVIL ACTION NO.** 1:20cv254-SA-DAS

SHERIFF CHRIS DICKINSON, individually and
In his official capacity as Sheriff of Itawamba
County, Mississippi;
ITAWAMBA COUNTY SHERIFF'S
DEPARTMENT, et al            **DEFENDANTS**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**    3-5

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**    8-10

   **EXPERT TESTIMONY EXPECTED:** Yes

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   A Settlement Conference is set for September 14, 2022, in Oxford, before U.S. Magistrate Judge David Sanders. The conference will begin at 10:00 a.m. and conclude no later than 1:00 p.m. The parties are encouraged to begin settlement negotiations at least one week prior to the scheduled conference.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge. 

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   Parties will exchange initial disclosures within fourteen (14) days of the entry of this Case Management Order.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __8__ fact witness depositions per party without additional approval of the Court.

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Other than potential e-mail and text message communications, at this time the parties do not anticipate there being any discovery conducted regarding ESI in this litigation. To identify and preserve any potential ESI, Counsel for Plaintiff will alert and Counsel for Defendant has alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties will produce such communication via hard copy. The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable delted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discovery ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

    **F.**    The court imposes the following further discovery provisions or limitations:

☑ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:
The defendants reserve the right to file a qualified immunity or other immunity motions. However, for purposes of judicial economy, the defendants are relieved of any obligation to file an early immunity motion as stated by Local Rule 16(b). Furthermore, the parties engage in discovery as to all issues, including but not limited to, immunity issues. By so doing, defendants have not waived any other defenses.

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__

   beginning on: __July 24, 2023__, at __9:30__, __a.m.__, in __Oxford__,

   Mississippi, before United States __District__ Judge __Glen H. Davidson__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __3-5__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __June 27, 2023__, at __1:30__, __p.m.__,

   in __Oxford__, Mississippi, before United States __Magistrate__

   Judge __David Sanders__.

   C. **Discovery.** All discovery must be completed by: __November 21, 2022__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by: __July 18, 2022__.

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s): __September 19, 2022__.

   2. Defendant(s): __October 24, 2022__.

Form 1 (ND/SD Miss. Jan 2022)

8. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: __December 5, 2022__ .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **Settlement Conference.**

    A SETTLEMENT CONFERENCE is set on: __September 14, 2022__, at __10:00__, __a.m.__ in __Oxford__, Mississippi, before United States __Magistrate__ Judge __David Sanders__ .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **Report Regarding ADR.** On or before (7 days before FPTC) _____, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**So Ordered:**

__4/21/2022__  /s/ David A. Sanders
DATE  UNITED STATES MAGISTRATE JUDGE