IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER EASTER                                                                                      PLAINTIFF

v.                                                                          CIVIL ACTION NO. 1:20-CV-254-GHD-DAS

ITAWAMBA COUNTY, MISSISSIPPI
AND JOHN DOES 1-10                                                                                    DEFENDANTS

## ORDER

Plaintiff Christopher Easter has filed a motion to allow his attorney Diana Worthy Nelson to withdraw as counsel of record in this action. Docket 40. The motion was filed *ex parte*[1] and states "Plaintiff consents to the Motion to Withdrawal [*sic*] with Counselor Diana Worthy." *Id*.

Local Uniform Civil Rule 83.1(b)(3) governs the withdrawal of counsel in a civil case. Under the rule, an attorney "must remain as counsel of record until released by formal order of the court." L.U.Civ.R. 83.1(b)(3). The rule continues, "[a]n attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal."

While the instant motion is brought by the plaintiff, it does not bear his signature nor is there any indication on the Certificate of Service that he received notice of Ms. Worthy's attempt to withdraw. The motion states that the plaintiff "seeks counsel elsewhere;" however, substitute counsel has not entered an appearance on his behalf, and the motion makes no representation as to whether the plaintiff intends to proceed *pro se* until such a time as counsel is retained.

---

[1] It appears to the undersigned that the instant motion was mistakenly filed as an *ex parte* motion. There is no indication on the face of the motion that it is an *ex parte* request, and the undersigned finds no reason to consider the requested relief on an *ex parte* basis. The Clerk of Court is instructed to remove the *ex parte* designation on the docket.

In order to withdraw, Ms. Nelson must either comply with the requirements of Local Uniform Civil Rule 83.1(b)(3) or, another attorney should enter an appearance on the plaintiff's behalf. The Motion to Withdrawal [*sic*] and Other Relief is **DENIED.**

**SO ORDERED**, this the 1st day of September, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**